**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID A. PUGH, II, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-3413 (JBS) |
| v. | |
| JAMES B. HAYES, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

This matter having come before the Court upon the motion of defendants James B. Hayes and Karen Kaufman ("Defendants") to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may be granted; and this Court having considered the submissions of Defendants; and Plaintiff, David A. Pugh, II ("Plaintiff"), having failed to oppose Defendants' motion; and for good cause shown:

**THE COURT FINDS** as follows:

1. Plaintiff filed the instant lawsuit against Defendants James B. Hayes and Karen Kaufman, New Jersey State Troopers, claiming that on July 9, 2004, they wrongfully arrested him for loitering with the intent to engage in prostitution. Plaintiff seeks monetary damages in an unspecified amount. (Complaint at 1.)

2. Defendants serve as police officers for the State of New Jersey and Plaintiff is seeking damages against them.

    Plaintiff's Complaint, served only on Defendants at their office and referring to them as State Police Police Troopers in the caption, appears to be made against Defendants in their official capacities.

3. On October 24, 2006, Defendants moved to dismiss. [Docket Item 17.]  Plaintiff failed to oppose Defendants' motion or request that the Court grant him additional time to file a response.

4. A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5. Both Defendants are state officials.  Here, Plaintiff's claims against Defendants, then, are barred by the Eleventh Amendment.  Quern v. Jordan, 440 U.S. 332 (1979); Meyer v. New Jersey, 46 F.2d 1252 (3d Cir. 1972); Miller v. Rutgers, 619 F. Supp. 1386, 1392-93 (D.N.J. 1985)("While prospective relief may be sought against state officials acting in their official capacity, a monetary award indistinguishable from one against the state itself is prohibited by the Eleventh Amendment even when the suit is filed against nominal state officials")(internal quotations omitted).  This

is so, regardless of whether the claims are brought pursuant to state law as the Eleventh Amendment bars this Court from exercising jurisdiction.  <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89 (1984).  Accordingly, the Complaint must be dismissed.[1]

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss will be granted.  The accompanying Order shall be entered.


**Dec. 7, 2006**              **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              U.S. District Judge

---

[1] Additionally, Plaintiff's claims against the State Troopers, presumably brought pursuant to 42 U.S.C. § 1983, fail because a State or an official of the State, while acting in his or her official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983.  <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989).